**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DENGHUA ZHOU,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1312-J** |
| **TODD BLANCHE et al.,** | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Denghua Zhou, a noncitizen,[1] and citizen of China, proceeding with counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging her detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). United States District Judge Bernard M. Jones II referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a response. (ECF No. 8).

For the reasons set forth below, the undersigned recommends that the Court **DENY** the Petition.

## I. BACKGROUND AND PETITIONER'S CLAIMS

On or about February 21, 2022, Petitioner entered the United States at or near the San Francisco airport and was admitted here as a B-2 nonimmigrant visitor with authorization to remain in the United States for a temporary period not to exceed August 20, 2022. (ECF No. 8-1:1). On July 27, 2022 and December 9, 2022, Petitioner filed a Form I-539, Application to extend nonimmigrant status, which was approved and Petitioner was

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

allowed to remain in the United States until August 20, 2023. (ECF No. 8-1:1). Petitioner states that she possesses a valid Employment Authorization Document valid from March 12, 2024 through March 11, 2029. (ECF No. 1:2).

On July 1, 2025, ICE officials placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged her with being removable under 8 U.S.C. § 1182(a)(7)(A)(i) as someone who entered the United States without valid entry documents and 8 U.S.C. §1227(a)(1)(B) for overstaying her visa. (ECF No. 8-1:1). On May 29, 2026, while having dinner with friends, ICE officials arrested Petitioner and took her into custody. (ECF No. 1:2). Petitioner was taken to the Diamondback Correctional Facility in Watonga Oklahoma where she remains detained. (ECF No. 1:7).[2] On June 4, 2026, Petitioner filed a habeas Petition challenging her detention. *See* ECF No. 1. Petitioner alleges that she is detained under 8 U.S.C. § 1226(a) and her prolonged detention without a bond hearing violates Due Process. (ECF No. 1).

On July 2, 2026, an Immigration Judge afforded Petitioner a custody redetermination hearing (bond hearing), but denied the request, finding that Petitioner was unable to establish that she was not a flight risk. (ECF No. 8-4). On August 26, 2026, an Immigration Judge granted Petitioner voluntary departure.[3] An appeal of that order is due by October 1, 2026, but to date, no appeal has been filed.[4]

---

[2] *See* https://locator.ice.gov/odls/#/results (last visited Sept. 10, 2026).

[3] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 10, 2026).

[4] The voluntary departure period typically does not begin to run until administrative appeals *are concluded. See* 8 U.S.C. § 1101(47)(B) ("The order ... shall become final upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]"); § 1229c(b)(1) (Attorney General may permit voluntary departure at conclusion of removal proceedings); *see also* 8 C.F.R. § 1003.6(a) (2007) ("[T]he decision in any proceeding ... from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal ...").

Petitioner asks the Court to immediately release her, or, in the alternative, order Respondents to provide her with an individualized bond hearing. (ECF No. 1:7, 14).

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. SECTION 1226(a) APPLIES TO PETITIONER'S DETENTION

As stated, Petitioner alleges her detention is governed by 8 U.S.C. § 1226(a) and, under that statute, she is entitled to a bond hearing. *See* ECF No. 1. Petitioner is correct.

Under the INA, detention of aliens who are "applicants for admission"[5] and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A). By contrast, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue detention of the alien or to release the alien on bond.[6] On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). There, the court held "that

[5] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13).

[6] The regulations accompanying the statute explain the various levels of review for a bond determination. An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge. Id. § 236.1(d)(1). An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals (BIA). Id. § 236.1(d)(3). *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz v. Mullin*, 180 F.4th at 1237. The court reasoned based on the statutory text and context that:

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id.* at 1239. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondent concedes. *See* ECF No. 8:1 ("Respondents . . . respectfully submit that this matter is controlled by the Tenth Circuit's opinion in *Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026).").

## IV. THE PROPER REMEDY IS A BOND HEARING AND NOT RELEASE

Because § 1226 governs Petitioner's detention, procedural due process requires that she receive a bond hearing.

The Fifth Amendment's Due Process Clause protects all persons within the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V. It is well established that the Due Process Clause applies to non-citizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: (1) is there a protected liberty interest, and (2) if so, what procedures are necessary to ensure deprivation of that protected liberty interest accords with due process. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690.

The undersigned finds that (1) as a non-citizen properly classified under § 1226, Petitioner has a protected liberty interest in freedom from immigration detention, and (2) the procedure of the bond hearing as provided in § 1226 is necessary to ensure that deprivation of that protected liberty interest accords with due process. *See Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ."); *Requejo Roman v. Castro*, 2026 WL 125681, at *8 (D.N.M. Jan. 12, 2026) ("Because Petitioner is subject to § 1226's discretionary detention provision rather than mandatory detention under § 1225, he is entitled to a bond hearing."); *Lopez-Campos v. Raycraft*, 797 F.Supp.3d 771, 785 (E.D. Mich. Aug. 29, 2025) ("[T]he Court has specifically held that Section 1226(a) governs Lopez-Campos' detention, therefore the process due to him is that which is afforded under Section 1226(a).").

And consistent with a common approach in this District, the Tenth Circuit has held that a bond hearing would be the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz*, 2026 WL 1876709 at *17 n.13; *see also Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy." (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))). As Judge Russell acknowledged, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Id.* (citation modified). As such, "an individualized custody redetermination hearing

would provide Petitioner with the process he is due under the statute." *Id.* (citation modified).

Petitioner also requests the Court order her immediate release. (ECF No. 1:7, 14). But Petitioner has not alleged or provided evidence that she was previously detained and released under an IJ's bond or any other provision now warranting immediate release.[7]

## V. BECAUSE PETITTIONER HAS BEEN AFFORDED A BOND HEARING, THE COURT SHOULD DENY THE PETITION

As stated, Petitioner received a bond hearing and bond was denied. *See supra*. "[A] district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026); *see also Perez v. Holt*, No. CIV-25-1151-SLP, 2026 WL 597126, at *6 (W.D. Okla. Mar. 3, 2026) ("Thus, the Court finds that the IJ relied on evidence in the record to make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision."). However, in limited circumstances, a petitioner may be entitled to habeas relief from a recent bond

---

[7] In some cases, Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked in the absence of changed circumstances or proper procedures. *See*, *e.g.*, *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1-2 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's immediate release and stating "while the Attorney General has authority to revoke bond at any time under 8 U.S.C. § 1226(b), if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance") (citation modified). However, here Petitioner fails to allege or prove he was previously ordered released pursuant to § 1226(a) by an immigration judge rather than at the discretion of an ICE or customs agent. Accordingly, Petitioner has not alleged or provided evidence that the circumstances of his re-detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (finding petitioner is entitled to a bond hearing but not release because he "has not provided the Court with evidence of his prior Order of Release or its terms, nor has Petitioner supported his requested form of relief with legal authority"). Therefore, the undersigned concludes Petitioner is entitled only to a bond hearing and not release.

hearing, if he establishes that the hearing had a constitutional defect or was legally erroneous. See *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (noting that Section "1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law.") (citation modified); *see also Perez*, 2026 WL 597126, at *6 n.11 (noting petitioner did not allege the bond hearing was unconstitutional, such as raising a claim about the "impropriety of burden allocation at the bond hearing").

Here, however, Petitioner does not ask for a review of the Immigration Judge's decision or assert that it was unconstitutional. *See* ECF No. 1. Because Petitioner only challenges her detention as violative of Due Process and she has been afforded a proper remedy, the Court should deny the Petition. *See Singh v. Blanche*, No. 26-6311-D, 2026 WL 915596, at *9 (W.D. Okla. Apr. 3, 2026) (recommending Petition be denied because the petitioner had already received a bond hearing), *adopted*, 2026 WL 1010480 (Apr. 14, 2026).

## VI. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **DENY** the Petition for habeas relief.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **September 17, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VII. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 10, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE