**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DENGHUA ZHOU, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-1312-J |
| TODD BLANCHE, et al., | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Denghua Zhou, a Chinese citizen, is currently in the custody of Immigration and Customs Enforcement. On June 4, 2026, Petitioner challenged that detention in a Petition for Writ of Habeas Corpus. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). While the matter was pending, the Tenth Circuit decided *Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." *Id.* at 1237. In responding to the Petition, Respondents notified the Court that Petitioner received a bond hearing on July 2, 2026. [Doc. No. 8]. Judge Erwin then issued a Report and Recommendation recommending that the Court find: (1) that 8 U.S.C. § 1226(a) applied to Petitioner's circumstances, which entitled her to a bond hearing, but (2) because she was granted a bond hearing on July 2, 2026, her Petition is now moot. [Doc. No. 9]. Petitioner filed a timely objection (Obj.) [Doc. No. 10], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner does not challenge Judge Erwin's conclusion that her detention is governed by 8 U.S.C. § 1226(a). Instead, Petitioner argues that her Petition is not moot because in

addition to her claim that continued detention without a bond hearing violated the Immigration and Nationality Act (INA), she also raised constitutional claims that Judge Erwin ignored. *See* Obj. at 3-6. But "[a] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988). And here, the Court agrees with Judge Erwin that no additional relief, beyond that provided under the INA, would have been available. Accordingly, Judge Erwin properly concluded that Petitioner's Petition is now moot and her related constitutional claims need not be addressed. *See id.* ("If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate."); *see also Mendoza-Medina v. Warden Diamondback Correctional Facility*, No. CIV-26-2121-JD, 2026 WL 2420268, at *1 (W.D. Okla. Aug. 18, 2026) (in an immigration case filed under § 2241, declining to reach petitioner's constitutional claims where he was entitled to a bond hearing under the INA).

In sum, Judge Erwin properly concluded that Petitioner was entitled to a bond hearing under 8 U.S.C. § 1226(a) and that bond hearing has occurred. Accordingly, having conducted a de novo review, the Report and Recommendation [Doc. No. 9] is ADOPTED and Petitioner's Petition is DISMISSED as MOOT.

A separate judgment will enter.

IT IS SO ORDERED this 22nd day of September, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE